170 S.W.3d 164 (2005)
In the Interest of T.L.S. and R.L.P., Children.
No. 10-04-00099-CV.
Court of Appeals of Texas, Waco.
June 29, 2005.
David K. Abbott, Waxahachie, for appellant/relator.
Barbara L. Moore, Texas Dept of Family & Protective Services, Arlington, Kendall Lee Drew, Waxahachie, for appellee/respondent.
Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

OPINION
FELIPE REYNA, Justice.
Deshawn Dismuke appeals from a family violence protective order issued against him with reference to the children of his former girlfriend. He contends in his sole issue that there is no evidence and factually insufficient evidence to support the court's finding that he is likely to commit *165 family violence in the future. We will affirm.
Trina Smith is the biological mother of the children who are the subject of the protective order. The Department of Protective and Regulatory Services removed the children from Smith's home in late 2003 because of severe injuries. At the time, Dismuke and Smith were living together. Smith told investigators that she suspected Dismuke had injured the children. Ultimately, Smith and Dismuke were arrested for injury to a child.
DPRS filed a termination suit against Smith. The children's guardian ad litem filed an application for a family violence protective order on behalf of the children. The court heard both matters in the same proceeding.
On the second day of trial, Smith agreed to voluntarily relinquish her parental rights and be subject to a permanent injunction prohibiting her from any further contact with the children. DPRS called Dismuke as a witness, but he invoked the Fifth Amendment and refused to answer any questions.
Dismuke moved for an "instructed verdict"[1] on the basis that the applicant had offered no evidence that he would commit family violence in the future. The court denied Dismuke's motion and issued the protective order.
The protective order recites the following pertinent findings:
[T]he court finds that Deshawn Dismuke committed family violence against Petitioners as follows:
· On or about November 29, 2003 and during the days and weeks preceding, Deshawn Dismuke, acting in concert with Trina Smith, caused serious bodily injury to the minor child [R.L.P.] by knowingly breaking his right leg thereby resulting in a spiral fracture to the tibia.
· On or about December 23, 2003 and during the days and weeks preceding, Deshawn Dismuke, acting in concert with Trina Smith, caused serious bodily injury to the minor child [R.L.P.] by knowingly applying blunt force trauma and a blow to the abdomen area thereby resulting in the loss of blood, as well as the death and later removal of approximately 24 inches of the small intestine.
· In addition to the above specified acts of family violence, Deshawn Dismuke, acting in concert with Trina Smith, engaged in an ongoing pattern of serious physical abuse to [R.L.P.] and/or [T.L.S.] which included numerous non-accidental injuries such as burns to various parts of the body, arm fractures, cuts and tears to bodily tissue including a torn frenulum, eye injuries, compression fractures to back vertebrae, along with conduct resulting in probable sexual abuse.
The court further finds that Deshawn Dismuke is likely to commit family violence in the future.
Dismuke contends in his sole issue that the record contains no evidence or factually insufficient evidence to support the finding that he is likely to commit family violence in the future because: (1) the record contains no direct evidence that he will commit family violence in the future; and (2) the likelihood of future contact between the children and himself is *166 remote because (a) he is not the biological father of either child, (b) he is not married to Smith, and (c) Smith's parental rights have been terminated and she has been permanently enjoined from further contact with the children.
We apply the usual no-evidence and factual insufficiency standards of review in an appeal from a protective order. Pena v. Garza, 61 S.W.3d 529, 532 (Tex. App.-San Antonio 2001, no pet.).
The central issue in this appeal is whether evidence of past family violence will support a finding of a likelihood of future family violence. During the last decade, a principle has emerged in parental termination and child custody cases which recognizes that evidence that a parent has engaged in abusive or neglectful conduct in the past permits an inference that the parent will continue this behavior in the future. See e.g. Williams v. Williams, 150 S.W.3d 436, 451 (Tex.App.-Austin 2004, pet. denied); In re K.A.S., 131 S.W.3d 215, 229-30 (Tex.App.-Fort Worth 2004, pet. denied); In re D.L.N., 958 S.W.2d 934, 941 (Tex.App.-Waco 1997, pet. denied). As Chief Justice Thomas of this Court presciently observed in a 1992 child custody decision, "Past is often prologue." Ray v. Burns, 832 S.W.2d 431, 435 (Tex.App.-Waco 1992, no writ). This principle should apply in family violence protective order cases as well.[2]See Pena, 61 S.W.3d at 532 (finding evidence of past conduct "legally and factually sufficient to sustain the protective order").
Here, the trial court expressly found that Dismuke had engaged in family violence in the past. Dismuke does not challenge these findings. Therefore, they are binding unless the contrary was established as a matter of law or there is no evidence to support the findings. See McGalliard v. Kuhlmann, 722 S.W.2d 694, 696 (Tex.1986); Zagorski v. Zagorski, 116 S.W.3d 309, 319 (Tex.App.-Houston [14th Dist.] 2003, pet. denied); Tarrant Regl. Water Dist. v. Gragg, 43 S.W.3d 609, 619 (Tex.App.-Waco 2001), aff'd, 151 S.W.3d 546 (Tex.2004).
Having reviewed the evidence in the record, we initially conclude that more than a scintilla of evidence supports the unchallenged findings that Dismuke committed family violence against the children. From this evidence, the trial court could infer that Dismuke will likely commit family violence in the future. See Williams, 150 S.W.3d at 451; K.A.S., 131 S.W.3d at 229-30; D.L.N., 958 S.W.2d at 941. Thus, the record contains more than a scintilla of evidence that Dismuke will likely commit family violence in the future.
Dismuke also challenges the factual sufficiency of the evidence to support this finding. He contends that the evidence is factually insufficient because the likelihood of future contact between the children and himself is remote because (1) he is not the biological father of either child, (2) he is not married to Smith, and (3) Smith's parental rights have been terminated and she has been permanently enjoined from further contact with the children.
We reject outright Dismuke's first two contentions in this regard because his non-parent status and his marital status did not stop him from committing family violence against the children in the past. See *167 Williams, 150 S.W.3d at 451; K.A.S., 131 S.W.3d at 229-30; D.L.N., 958 S.W.2d at 941. Therefore, the central issue is whether the termination of Smith's parental rights and the permanent injunction preponderate against a finding that Dismuke will likely commit family violence in the future.
A finding that Dismuke will not likely commit future violence requires the fact-finder to infer that he will have no future contact with the children based on one of two underlying inferences. The first of these underlying inferences is that, because Smith's parental rights have been terminated and she has been enjoined from future contact with the children, she will comply with the injunction. The second is that Dismuke will have no future contact with Smith. Because neither Dismuke nor Smith testified, there is simply no evidence in the record from which the trial court could infer that they will have no future contact with each other.
Regarding the first underlying inference, the trial court could only speculate that Smith will comply with the injunction. And from that speculation, Dismuke essentially argues that the court could properly infer that as a result Dismuke will have no future contact with the children. For the court to do so, would constitute an impermissible stacking of inferences. See Marathon Corp. v. Pitzner, 106 S.W.3d 724, 728-29 (Tex.2003) (per curiam). Therefore, we conclude that the evidence is factually sufficient to support the court's finding that Dismuke is likely to commit family violence in the future.
We overrule Dismuke's sole issue and affirm the judgment.
NOTES
[1] In a nonjury proceeding, the proper procedural vehicle in this situation is a motion for judgment. See e.g. Barr v. AAA Tex., LLC, No. 10-03-00243-CV, 167 S.W.3d 32, 35 (Tex. App.-Waco 2005, no pet. h.). This is so because there is no other factfinder to "instruct" regarding the verdict.
[2] Texas courts have implicitly applied this principle in protective order cases but, with the exception of Pena, only in unpublished memorandum opinions. See e.g. Siegert v. Flannery, No. 04-03-00487-CV, 2004 WL 1732345, *1-2, 2004 Tex.App. LEXIS 6989, **2-6 (Tex.App.-San Antonio Aug.4, 2004, no pet.) (mem. op.); Colvin v. Colvin, No. 03-03-00234-CV, 2004 WL 852266, *5-7, 2004 Tex. App. LEXIS 3534, **18-21 (Tex.App.-Austin Apr. 22, 2004, no pet.) (mem. op.).