NO. 07-05-0276-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 11, 2005



______________________________



IN RE RANDY MACK LACKEY, RELATOR


_______________________________




Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Relator Randy Mack Lackey has filed a petition seeking a writ of mandamus
directing the Honorable Gordon Green, Judge of the 287th District Court, to rule on a
motion for default judgment and for sanctions in an underlying civil suit relator brought
against attorney Robert McCool. We will deny the petition.

 A writ of mandamus issues only to correct a clear abuse of discretion or the violation
of a duty imposed by law when there is no other adequate remedy at law. Canadian
Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding). It is the
relator's burden to show entitlement to the relief being requested. See generally Johnson
v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). 

 Relator alleges he filed a motion seeking default judgment, pursuant to Rule of Civil
Procedure 239, "due to the failure of the Defendant McCool to answer the complaint." 
Attached to relator's mandamus petition is a copy of the motion relator alleges he filed. 
The motion states, though, that McCool did file an answer asserting a general denial. 
Rendition of a default judgment under Rule 239 is authorized when the defendant has not
answered. Rule of Civil Procedure 92 provides a general denial is sufficient to place in
issue all matters not required to be denied under oath. Relator has not alleged his petition
asserted claims requiring a verified denial. See Tex. R. Civ. P. 93. 

 The motion also states that, on a request from the defense, the trial court abated the
action pending resolution of another suit between the same parties proceeding in another
county. Relator asserts McCool failed to "respond regarding the . . . Order of Abatement"
within the time ordered by the trial court. He seeks to equate the asserted failure to timely
respond to a failure to answer, requiring sanctions by either rendition of default judgment
or as provided in Rule of Civil Procedure 215.2(b)(4).

 There are several reasons relator has failed to show entitlement to the mandamus
relief he seeks. In Stoner v. Massey, 586 S.W.2d 843 (Tex. 1979), our Supreme Court
articulated three elements necessary to show entitlement to a writ of mandamus: first, a
legal duty to perform a nondiscretionary act; second a demand for performance and third
refusal of that demand. Id. at 846. We have no evidence of the instruction relator says the
trial court gave to McCool or the deadline, if any, set for a response. Moreover, the answer
on file prevented rendition of the default judgment relator seeks. Tex. R. Civ. P. 239. 
Relator's reliance on Rule 215.2(b)(4) also is misplaced. That rule authorizes a trial court
to impose sanctions for abuse of the discovery process. See Tex. R. Civ. P. 215 ("Abuse
of Discovery; Sanctions"). There is no allegation or showing of abuse of discovery here. 
 Secondly, the opinion in Barnes v. State, 832 S.W.2d 424 (Tex.App.-Houston [14th
Dist.] 1992) (orig. proceeding), illustrates the importance of the second element of Stoner. 
In Barnes, the relator sought a writ of mandamus directing the trial court to rule on his
motions. Id. at 425. While agreeing the trial court had a duty to rule within a reasonable
time, (1) the court noted: 

 The relator has not provided us with a record that shows that, after he filed
his motions, relator asked the trial court for a hearing and ruling on his
motions and the trial court refused to hold a hearing and to rule. From this
record, it appears the relator did not take any action to alert the trial court that
it had not yet considered his two motions. 


Id. at 426. Based on this failure, the court denied the petition. Id. Compare Safety-Kleen
Corp. v. Garcia, 945 S.W.2d 268 (Tex.App.-San Antonio 1997) (orig. proceeding) (relator
had made repeated written requests to court coordinator to schedule hearings on its
motion). Here, as in Barnes, there is nothing to indicate relator has brought his motion to
the attention of the trial court (2) by requesting a hearing or otherwise, or that such request
has been denied. This omission requires denial of relator's petition. 832 S.W.2d at 426.

 Relator's petition also fails to meet the mandatory requirements of Rule of Appellate
Procedure 52. Rule 52.3(j)(1) requires the petition to include a certified or sworn copy of
any "document showing the matter complained of." Relator's petition includes a copy of
the motion he asserts he filed in the trial court. The document does not bear a file mark
and the unsworn declaration in his petition does not purport to authenticate that document. 
We would be unable to conclude the document was properly before the trial court. See
Barnes, 832 S.W.2d at 427. For these reasons, relator's petition for writ of mandamus
must be, and is, denied.

 

 James T. Campbell

 Justice







1. Relator does not address the effect of the trial court's abatement of the underlying
suit on the reasonable time for ruling on pending motions. 
2. That a document is filed with a court's clerk does not necessarily mean that the
judge is aware of it. See In re Chavez, 62 S.W.3d 225, 228 (Tex.App.-Amarillo 2001) (orig.
proceeding). 


.WPNormal
{
 font-family: "Arial", sans-serif;
 font-size: 12pt;
 font-weight: normal;
 font-style: normal;
 font-variant: normal;
 text-align: left;
 text-decoration: none;
 color: black;
 vertical-align: middle;
 text-indent: 0in
}

body
{
 font-family: "Arial", sans-serif;
 font-size: 12pt;
 font-weight: normal;
 font-style: normal
}





NO. 07-09-0187-CV

IN THE COURT OF APPEALS
 
FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 18, 2009
                                       ______________________________

IN THE INTEREST OF V.M.O. AND K.A.O., CHILDREN
_________________________________

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-542,899; HONORABLE BRADLEY UNDERWOOD, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          This is an appeal from an order terminating the parental rights of appellant P. O.



to his children V.M.O. and K.A.O. after a bench trial in a proceeding brought by appellee,
the Texas Department of Family and Protective Services. We affirm the trial court’s
judgment.
Background
          Appellant married Sara in October 2000. V.M.O. and K.A.O. are the children born
to the couple during their three-year marriage. V.M.O. was born in 2000, K.A.O. in 2003. 
Sara also had a child, C.T., with her former husband. C.T. was born in 1994. In May
2006, appellant was convicted by a jury of injury to a child, C.T.,


 and sentenced to fifteen
years of imprisonment in the Texas Department of Criminal Justice. He was still serving
his sentence at the time of the termination proceeding.
          In April 2008, the Department of Family and Protective Services (“the Department”)
filed a petition to terminate the parental rights of appellant.


 On May 22, 2009, the court
held a final hearing on the Department’s petition. In addition to the documentary evidence
of appellant’s conviction for his injury of C.T., the court heard testimony concerning that
offense. A psychologist testified that C.T., nine years old at the time of the incident, told
him appellant severely physically abused him, used an electrical cord on his back, and hit
him with other objects.
          Sara testified she and appellant smoked marijuana together outside while the
children were asleep inside the home. Sara also testified that appellant used other drugs
in the past, including speed. She further testified appellant slapped her “a few times”
during their marriage. She also testified she found out about C.T.’s injuries the day after
they occurred. She got a call from Child Protective Services telling her she needed to
come get C.T. from school. When she arrived, they showed her C.T.’s injuries. She
described them as “[h]is bottom was like full of bruises like that (indicating), from the
spankings. And then on the leg, I saw a bruise that was the length of a belt, the length of
the flat end of the part of the belt. You could literally–you could literally see that on him.
That was the most horrifying day of my life.” She testified appellant told her C.T. did not
look both ways going across the street and was almost hit. Appellant told Sara he took
C.T. home and disciplined him but did not tell her that he hit C.T.


 
          Sara testified appellant attempted to correspond with her and the children after he
was incarcerated in 2006. She also told the court V.M.O. was aware of what happened to
C.T. and sometimes told Sara she remembered seeing appellant hurt C.T. Sara further
testified that she was “extremely happy” with the placement of her three children with her
parents and that she voluntarily relinquished her parental rights so that her parents could
proceed with the adoption of her children. She testified it was in her children’s best interest
for her rights to her three children, as well as appellant’s rights to V.M.O. and K.A.O., be
terminated. The psychologist and a therapist testified that the children were doing well in
their grandparents’ home and desired to remain there.
          Of the several predicate grounds the Department alleged supported termination of
appellant’s parental rights, the court found four to be true, and found termination was in the
children’s best interest.


 The final order terminating appellant’s rights was entered on May
27, 2009. Thereafter, appellant filed a motion for new trial that was overruled by operation
of law. This appeal followed.
Analysis
Grounds for Termination
          The four predicate grounds found by the court to support termination, pursuant to
section 161.001 of the Family Code,


 were that appellant:
          (1)      knowingly placed or knowingly allowed the children to remain in conditions
or surroundings which endangered their physical or emotional well-being;
          (2)      engaged in conduct or knowingly placed the children with persons who
engaged in conduct which endangered their physical or emotional well-being;
          (3)      had been convicted or [had] been placed on community supervision,
including deferred adjudication community supervision, for being criminally
responsible for the death or serious injury of a child under the following
sections of the Penal Code or adjudicated under Title 3 for conduct that
caused the death or serious injury of a child and that would constitute a
violation of one of the following Penal Code sections: 
                                § 22.021 (aggravated sexual assault)
                                § 22.04 (injury to a child, elderly individual, or disabled individual); and
          (4)      knowingly engaged in criminal conduct that has resulted in appellant’s
conviction of an offense and confinement or imprisonment and inability to
care for the children for not less than two years from the date of filing the
petition.
          See Tex. Fam. Code Ann. § 161.001(1)(D), (E), (L), (Q) (Vernon 2009). 
Sufficiency of the Evidence Supporting Termination
Challenge to the Grounds
          In appellant’s first two issues, he challenges the evidence supporting the grounds
on which the trial court determined his parental rights should be terminated. A
parental-rights termination decree must be based on a finding of at least one predicate
ground and a finding that termination is in the best interest of the child. Tex. Fam. Code
Ann. § 161.001 (Vernon 2009). Both elements must be established and proof of one
element does not relieve the petitioner of the burden of proving the other. Holley v.
Adams, 544 S.W.2d 367, 370 (Tex. 1976); In re J.O.A., 262 S.W.3d 7, 22
(Tex.App.–Amarillo 2008), aff’d as modified and remanded, 283 S.W.3d 336 (Tex. 2009).
          As noted, the trial court found in its written order that the termination of appellant’s
parental rights was appropriate under subsections (D), (E), (L) and (Q) of Section
161.001(1). Appellant, however, has challenged the sufficiency of the evidence supporting
termination only under subsection (L) of section 161.001(1), and raises no appellate
complaint regarding the court’s findings under subsections (D), (E) or (Q). “Only one
predicate finding under section 161.001(1) is necessary to support a judgment of
termination.” In re A.V. and J.V. 113 S.W.3d 355, 362 (Tex. 2003). If multiple predicate
grounds are found by the trial court, we will affirm based on any one ground because only
one is necessary for termination of parental rights. In re S.N., 272 S.W.3d 45, 49
(Tex.App.–Waco 2008, no pet.). The unchallenged findings supporting termination under
subsections (D), (E) and (Q) are binding on us,


 and suffice to support the trial court's
judgment. See Perez v. Texas Dep't of Protective & Regulatory Servs., 148 S.W.3d 427,
434 (Tex.App.–El Paso 2004, no pet.); In re L.M., 104 S.W.3d 642, 647 (Tex.App.–
Houston [1st Dist.] 2003, no pet.). See also In re A.C., No. 07-07-0354-CV, 2008 WL
1744333 (Tex.App.–Amarillo April 16, 2008, no pet.) (mem. op.). Accordingly, we need not
address appellant’s challenges to the sufficiency of the evidence supporting termination
under subsection (L), In re S.N., 272 S.W.3d at 49, and we overrule his first and second
issues.
Challenge to the Best Interests
          In appellant’s third issue, he challenges the trial court’s finding that termination of
his parental rights was in the best interests of his children. 
          The Department contends we may not consider appellant’s best interest issue on
appeal because it was not included in his statement of points. Section 263.405(b) of the
Family Code requires a party who intends to appeal a final order terminating parental rights
to file “a statement of the point or points on which the party intends to appeal” with the trial
court “[n]ot later than the 15th day after the date a final order is signed [.]” Tex. Fam. Code
Ann. § 263.405(b) (Vernon 2009). Section 263.405(i) states: “[t]he appellate court may not
consider any issue that was not specifically presented to the trial court in a timely filed
statement of the points on which the party intends to appeal or in a statement combined
with a motion for new trial. For purposes of this subsection, a claim that a judicial decision
is contrary to the evidence or that the evidence is factually or legally insufficient is not
sufficiently specific to preserve an issue for appeal.” Tex. Fam. Code Ann. § 263.405(i).
          Here, appellant filed a motion for new trial that appears to contain his statement of
points. We agree with the Department that the pleading does not specifically present an
issue challenging the trial court’s best interest finding. The appellate issue is not preserved
for our review.


 See In the Interest of M.G., No. 07-09-0137-CV, 2009 WL 3735444
(Tex.App.–Amarillo, November 9, 2009, no pet. h.) (mem. op.) (similarly finding sufficiency
challenge to evidence supporting best interest finding precluded because of absence of
issue in statement of points). Moreover, even if we are mistaken and appellant’s pleading
can be read to present such an issue, we find it has no merit.
          Like that supporting the statutorily-enumerated predicate grounds for termination,
the evidence supporting a trial court’s finding that termination of parental rights is in the
best interest of the child must be clear and convincing. Tex. Fam. Code Ann. § 161.001;
In Interest of G.M., 596 S.W.2d 846, 847 (Tex. 1980). Clear and convincing evidence is
that measure or degree of proof which will produce in the mind of the trier of fact a firm
belief or conviction as to the truth of the allegations sought to be established. In re J.F.C.,
96 S.W.3d 256, 264 (Tex. 2002); In re C.H., 89 S.W.3d 17, 26 (Tex. 2002). 
          When reviewing factual findings required to be made by clear and convincing
evidence, we apply a standard of review that reflects this burden of proof. In re S.M.L., 171
S.W.3d 472, 476 (Tex.App.–Houston [14th Dist.] 2005, no pet.). When reviewing the legal
sufficiency of the evidence, we consider all of the evidence in the light most favorable to
the finding to determine whether a reasonable fact finder could have formed a firm belief
or conviction that the finding was true. Id., citing In re J.F.C., 96 S.W.3d at 266. In doing
so, we assume the fact finder resolved disputed facts in favor of the finding if a reasonable
fact finder could do so, and we disregard all evidence that a reasonable fact finder could
have disbelieved or found to have been incredible. Id. However, because of the heightened
standard, we must also be mindful of any undisputed evidence contrary to the finding and
consider that evidence in our analysis. In re J.F.C., 96 S.W.3d at 266 (“Disregarding
undisputed facts that do not support the finding could skew the analysis of whether there
is clear and convincing evidence”).
 
          Under a factual sufficiency review, we also must determine whether a fact finder
could reasonably form a firm belief or conviction about the truth of the allegations. In re
S.M.L., 171 S.W.3d at 476. When reviewing a factual sufficiency challenge, the analysis
is somewhat different in that we must consider all of the evidence equally, both disputed
and undisputed. In re J.F.C., 96 S.W.3d at 266. If, in light of the entire record, the disputed
evidence that a reasonable fact finder could not have credited in favor of the finding is so
significant that a fact finder could not have reasonably formed a firm belief or conviction,
then the evidence is factually insufficient. In re S.M.L., 171 S.W.3d at 476 (citing In re
J.F.C., 96 S.W.3d at 266).
          Appellant’s specific contention is that the evidence is legally and factually insufficient
to support the finding because the Department failed to ask any witness at trial whether
termination of appellant’s rights was in the best interest of the children. The record does
not support appellant’s argument. The children’s mother Sara, their therapist, and the
Department’s supervisor all testified in response to questioning that it was in the best
interests of the children that the respective parents’ rights be terminated.


 Moreover,
nothing in the case law requires that best interest be established by testimony responding
to that precise question. See, e.g., Holley, 544 S.W.2d at 370; In re C.H., 89 S.W.3d at
28.
 
          In evaluating whether termination is in a child's best interest, courts commonly apply
a set of non-exclusive Holley factors: (1) the desires of the child; (2) the emotional and
physical needs of the child now and in the future; (3) any emotional or physical danger to
the child now and in the future; (4) the parenting ability of the individuals seeking custody;
(5) the programs available to assist those individuals to promote the best interest of the
child; (6) the plans for the child by those individuals seeking custody; (7) the stability of the
home; (8) the acts or omissions of the parent that may indicate that the existing
parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions
of the parents. See Holley, 544 S.W.2d at 372. In addition, a court may infer that past
conduct endangering the well being of a child may recur in the future if the child is returned
to the parent. In re T.L.S., 170 S.W.3d 164, 166 (Tex.App.–Waco 2005, no pet.); Williams
v. Williams, 150 S.W.3d 436, 451 (Tex.App.–Austin 2004, pet. denied). Too, evidence
establishing the statutory grounds for termination may also illustrate that termination is in
the child's best interest. In re D.S.A., 113 S.W.3d 567, 574 (Tex.App.–Amarillo 2003, no
pet.), citing In re C.H., 89 S.W.3d at 24. 
           The Holley factors focus on the best interest of the child, not that of the parent.
Patterson v. Brist, 236 S.W.3d 238, 240 (Tex.App.–Houston [1st Dist] 2006, pet. dism'd);
Dupree v. Texas Dep't Prot. & Reg. Servs., 907 S.W.2d 81, 86 (Tex.App.–Dallas 1995, no
writ). The law recognizes a strong presumption that the best interest of a child will be
served by preserving the parent-child relationship. Swate v. Swate, 72 S.W.3d 763, 767
(Tex.App.–Waco 2002, pet. denied). But it recognizes also that the prompt and permanent
placement of the child in a safe environment is presumed to be in the child’s best interest. 
Tex. Fam. Code Ann. § 263.307 (Vernon 2009); In re J.F., No. 02-08-0183-CV, 2009 WL
806889, *6 (Tex.App.–Fort Worth March 26, 2009, no pet.) (mem. op.).
           As noted, Sara, the therapist, and the Department
 supervisor all testified it was in the best interests of the children for appellant’s parental
rights to be terminated. Their opinions are supported by the evidence that the children had
a good home with their maternal grandparents and desired to remain with them. The court
well could have considered appellant’s conviction for injury to C.T. to indicate a risk of
danger from similar actions by appellant in the future, and to cast doubt on his parenting
abilities. The evidence of V.M.O.’s memories of seeing appellant hurt C.T. could have
indicated to the trial court that the parent-child relationship was not a proper one. 
Appellant is serving a fifteen-year prison sentence for injuring C.T. While incarceration
alone is not a sufficient basis on which to terminate his rights, it is an additional factor
bearing on the best interest of children. See Rogers v. Department of Family and
Protective Services, 175 S.W.3d 370, 378 (Tex.App.–Houston [1st Dist.] 2005, pet. dism’d
w.o.j.) (mem. op.) (noting lengthy prison sentence as factor in best interest analysis). See
also In re E.P., Nos. 13-06-033-CV, 13-06-034-CV, 2008 WL 458509, *4-5
(Tex.App.–Corpus Christi Feb. 21,2008, no pet.) (mem. op.) (finding fifteen-year sentence
primary factor regarding best interests). The evidence of appellant’s history of violence
against women bears on his ability to provide a stable home for his children. The record
indicates appellant was convicted of sexual assault in 1993, an offense requiring him to
register as a sex offender in Texas, and of misdemeanor assault of his ex-wife in 1995. 
Sara testified appellant slapped her during their marriage and testified the two engaged in
drug use outside the home while the children were inside asleep. The evidence also
indicates appellant did little to provide for his children or ensure they were cared for while
he was incarcerated. 
          Evidence contrary to the finding includes appellant’s demonstrated interest in his
children and evidence he took advantage of programs designed to improve his parenting
skills, including a parenting class and a stress management class.
          Considering all the evidence in relation to the best interest factors in the light most
favorable to the court’s findings, we conclude a reasonable trier of fact could have formed
a firm belief or conviction that termination was in the children’s best interest. And viewing
all the evidence in a neutral light, we conclude that the disputed and undisputed evidence
favoring and disfavoring the finding permits a reasonable factfinder to form a firm
conviction and belief that termination was in V.M.O. and K.A.O.’s best interests. The
evidence supporting the court’s finding that termination of appellant’s parental rights was
in the children’s best interests is legally and factually sufficient. See Holley, 544 S.W.2d
367; In re S.M.L.D., 150 S.W.3d 754, 756 (Tex.App.–Amarillo 2004, no pet.). We overrule
appellant’s third issue.


 
          Having overruled each of appellant’s issues, we affirm the judgment of the trial
court.
 
                                                                                      James T. Campbell

                                                                                               Justice