Affirmed and Memorandum Opinion filed February 28, 2006









Affirmed
and Memorandum Opinion filed February 28, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00574-CV

____________

 

ROBERT LEE
BANARGENT,
Appellant

 

V.

 

BRENDA J. BRENT, Appellee

 



 

On Appeal from the 387th
District Court

Fort Bend County, Texas

Trial Court Cause No. 05-CV-140790

 



 

M E M O R A N D U M   O P I N I O N

This is an appeal from a protective order
entered against appellant Robert Lee Banargent after he attacked and stabbed
appellee Brenda J. Brent.  In two issues,
Banargent challenges the legal and factual sufficiency of the evidence to
support the order.  We affirm.








Brent and Banargent were living together
when Banargent attacked and repeatedly stabbed Brent in the back and neck,
leaving her legs and one arm paralyzed. 
This was not the first time Banargent had assaulted Brent.  He had threatened to kill her before, and
Banargent told her while stabbing her that he wanted her to die.  Banargent was convicted and sentenced to life
imprisonment for his attack on Brent. 
While he was in custody but before he was convicted, Brent applied for a
protective order.  She testified that she
was afraid Banargent would escape, make bail, or be acquitted, and she wanted
the police to be able to arrest him immediately if he came near her again.  The trial court granted the protective order.


Under section 85.001 of the Texas Family
Code, the trial court may grant a protective order upon finding that family
violence has occurred and is likely to occur again.  Tex.
Fam. Code Ann. ' 85.001(a) (Vernon 2002).  In reviewing a trial court=s findings of fact
for legal and factual sufficiency, we apply the same standards that we apply in
reviewing jury findings.  Ulmer v.
Ulmer, 130 S.W.3d 294, 299 (Tex. App.CHouston [14th Dist.] 2004, no pet.).  In reviewing for legal sufficiency, we view
the evidence in a light that tends to support the disputed findings and
disregard all evidence and inferences to the contrary.  See Lee Lewis Constr., Inc. v. Harrison,
70 S.W.3d 778, 782 (Tex. 2001).  If more
than a scintilla of evidence exists, then the evidence is legally
sufficient.  Id.  In reviewing factual sufficiency, we examine
the entire record, considering both the evidence in favor of, and contrary to,
the challenged findings.  See Cain v.
Bain, 709 S.W.2d 175, 176 (Tex. 1986). 
After considering and weighing all the evidence, we set aside a fact
finding only if it is so contrary to the overwhelming weight of the evidence as
to be clearly wrong and unjust.  See
Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986).

In his first issue, Banargent contends the
evidence was insufficient to show that family violence is likely to occur in
the future.  Banargent claims that he
does not know Brent=s current whereabouts and has not
attempted to contact her since his incarceration began.  He argues that past family violence alone
cannot support a finding that future violence is likely.  We disagree. 
As the Waco Court of Appeals recently explained, 

During the last
decade, a principle has emerged in parental termination and child custody cases
which recognizes that evidence that a parent has engaged in abusive or
neglectful conduct in the past permits an inference that the parent will
continue this behavior in the future. . . . This principle should apply in
family violence protective order cases as well.








In re T.L.S., 170 S.W.3d 164, 166 (Tex. App.CWaco 2005, no pet.); see also In re
M.G.M., 163 S.W.3d 191, 201B02 (Tex. App.CBeaumont 2005, no pet.)
(finding sufficient evidence of risk of future violence based on past abuse).[1]  While past violence does not mandate a
finding of likely future violence, it can support such a finding in some
instances, such as here, where there were multiple instances of past violence,
threats to kill the victim, and a particularly vicious and disabling physical
attack.  We conclude that the evidence is
legally and factually sufficient to support the trial court=s finding that
future violence is likely.

Banargent emphasizes that he is serving a
life sentence, making it even less likely that he could assault Brent
again.  When the trial court granted
Brent=s request for a
protective order, Banargent had not yet been convicted, and the outcome of his
trial was uncertain, as is inherent in criminal proceedings.  Our review is limited to reviewing the
evidence in the record before the trial court when the decision was made, which
certainly could not include evidence of future events.  Further, even considering Banargent=s incarceration,
the protective order will protect Brent for one year if Banargent is ever
released from prison.  See Tex. Fam. Code Ann. ' 85.025(c) (Vernon
2002) (AIf a person who is
the subject of a protective order is confined or imprisoned on the date the
protective order would expire[,] . . . the order expires on the first
anniversary of the date the person is released from confinement or
imprisonment.@). 
Thus, the trial court was well justified in entering the protective
order, whether or not we consider Banargent=s
incarceration.  We overrule Banargent=s first issue.








Banargent asserts in his second issue that
the evidence is legally and factually insufficient Ato establish that
a protective order is necessary for the safety, welfare, and protection@ of Brent.  The Family Code requires only that the trial
court find that family violence has been committed and likely will be committed
again.  See Tex. Fam. Code Ann. ' 85.001 (Vernon
2002) (ARequired Findings
and Orders@). 
Banargent offers no authority or analysis demonstrating that any
additional finding is required. 
Moreover, he argues both issues together and focuses his argument solely
on future violence.  Because we conclude
the evidence is legally and factually sufficient to support a finding of likely
future violence, we overrule this issue as well.

We affirm the trial court=s protective
order.

 

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed February 28, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Guzman.











[1]  Banargent
relies on two cases from the Corpus Christi Court of Appeals to support his
argument that past violence alone cannot support a finding of future
violence.  See In re J.A.T., No.
13-04-00477-CV, 2005 WL 1981497, at *1 (Tex. App.CCorpus
Christi Aug. 18, 2005, no pet.) (mem. op.); Gipson v. Huerta, No
13-02-00490-CV, 2003 WL 21666140, at *2 (Tex. App.CCorpus Christi July 17, 2003, no pet.) (mem.
op.).  We are not persuaded by these
cases.  Their conclusions are stated with
little analysis, and neither involved a brutal attack, the repeated acts of
violence, or the death threats involved in this case.