In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-00057-CV


____________________



ROBERT K. BRUHL, Appellant



V.



VICKIE S. ROBERTS, Appellee






On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 07-10-10562-CV






MEMORANDUM OPINION


 Appellant, Robert K. Bruhl, appeals the trial court's grant of a protective order in
favor of appellee, Vickie S. Roberts. In two issues, appellant contends that the trial court
erred (1) in overruling appellant's "Special Exception and Motion to Strike Application for
Protective Order," and (2) in finding sufficient evidence that family violence is likely to
occur in the future. We affirm the judgment of the trial court below.

 In his first issue, appellant argues that the notice of appellee's Application for a
Protective Order was defective because "it did not comply with Tex. Fam. Code § 82.041,
by not giving Appellant the address of the clerk of the court, thereby denying appellant his
right to due process." Section 82.041 addresses the contents of a notice of application for
protective order. See Tex. Fam. Code Ann. § 82.041 (Vernon 2008). Among other things,
section 82.041 states that the notice must contain the address of the clerk of the court. Id. §
82.041(a)(11). Appellant complains that neither the application for protective order, notice
of the application, court order, nor anything appellant was served with contained the address
of the court clerk. 

 The notice served on appellant incorporated the trial court's order (which was attached
thereto), granting appellee's request for an ex parte temporary protective order, "until the
further order of the 221 Judicial District Court at a hearing to be held within and for the
County of Montgomery at the Courthouse thereof, in the City of Conroe at 9:00 A.M., on the
8th day of NOVEMBER, 2007." The court's order provides the address of the Montgomery
County Courthouse. Additionally, the return of citation reveals that a copy of the ex parte
temporary protective order and a copy of the notice of application for protective order were
delivered to appellant in person. Appellant signed the officer's return indicating he had
received the documents. It is undisputed that appellant filed an answer to appellee's
application for protective order. It is also undisputed that appellant appeared and testified
at the hearing on appellee's application for protective order. Under these factual
circumstances, we find no error by the trial court with regard to its denial of appellant's
motion to strike the application for protective order. There was no denial of due process. 
Appellant filed an answer and appeared and testified at the hearing. 

 Appellant further argues that the trial court erred in overruling appellant's special
exception to the trial court's temporary ex parte order, because the order failed to comply
with section 82.008(a)(1) of the Texas Family Code. Section 82.008 addresses applications
filed after expiration of a former protective order. See id. § 82.008. Appellee acknowledged
at the hearing that she had made a previous application for a protective order, but indicated
no previous orders had been issued. Appellant presented no evidence to the contrary. 
Therefore, there is no evidence in the record that supports the application of section 82.008. 
We overrule issue one.

 In issue two, appellant seeks a rendition of dismissal of the trial court's order arguing
there was no evidence to support the trial court's finding that family violence is likely to
occur in the future. See id. § 85.001 (a)(2). When a party attacks the legal sufficiency of an
adverse finding of an issue on which he did not have the burden of proof at trial, he must
show on appeal that there was no evidence to support the adverse finding. Croucher v.
Croucher, 660 S.W.2d 55, 58 (Tex. 1983). In reviewing a "no evidence" point, we must
view the evidence in a light that tends to support the finding and disregard all evidence and
inferences to the contrary. Southwest Key Program, Inc. v. Gil-Perez, 81 S.W.3d 269, 274
(Tex. 2002). If more than a scintilla of evidence exists to support the finding, the
no-evidence challenge fails. Formosa Plastics Corp., U.S.A. v. Presidio Engineers and
Contractors, Inc., 960 S.W.2d 41, 48 (Tex. 1998). 

 Appellant argues that because appellee vacated the home on October 1, 2007, a month
prior to the hearing, and because there had been no threats of family violence, and because
he had not driven by appellee's daughter's house between October 1, 2007, and the
November 8, 2007 hearing, there was "[no] evidence of any continuing pattern of threatening
behavior . . . ." Appellee testified at trial and the trial court found multiple incidents of
family violence. Appellee testified that appellant had committed acts against her that resulted
in bodily harm, and that appellant made threats to her that placed her in fear of imminent
bodily harm and assault. 

 Appellee testified about an incident of family violence that appellant committed
against her in March 2007, which left her with a fractured tail bone, "busted" mouth, and a
black eye. Appellee testified that there had been other incidents of family violence prior to
this incident. Appellee also testified about an incident of family violence in May 2007,
which left her with a broken wrist. Further, appellee testified about an incident of family
violence in October 2007 that left her with bruises and bald spots where appellant had pulled
out her hair by the roots. Appellee testified that during the October 2007 incident appellant
strangled her, pulled out her hair, shot at her with a .22, and told her he was going to kill her. 
Appellee testified that appellant had made threats to kill her in the past on many occasions
and she believed that appellant meant those threats. Appellee further testified that there had
been numerous other incidents of family violence. 

 Appellant also testified at the hearing. When asked if he had ever assaulted appellee,
appellant testified that he had not assaulted her but had "contained her." Appellant testified
that he did not cause the injuries that appellee alleges he inflicted upon her, that he had never
choked appellee and did not shoot at her with a pistol. In fact, appellant alleged that it was
appellee who shot at him with a pistol in October 2007. 

 "In parental termination and child custody cases it is well-settled that 'evidence that
a parent has engaged in abusive or neglectful conduct in the past permits an inference that
the parent will continue this behavior in the future.'" Clements v. Haskovec, 251 S.W.3d 79,
87 (Tex. App.--Corpus Christi 2008, no pet.) (quoting In re T.L.S., 170 S.W.3d 164, 166
(Tex. App.--Waco 2005, no pet.)). Appellate courts have now directly extended this
principle to family violence protective order cases. See id.; Schaban-Maurer v. Maurer-Schaban, 238 S.W.3d 815, 824 (Tex. App.--Fort Worth 2007, no pet.); In re Epperson, 213
S.W.3d 541, 543-44 & n.3 (Tex. App.--Texarkana 2007, no pet.); Banargent v. Brent, No.
14-05-00574-CV, 2006 WL 462268, at **1-2 (Tex. App.--Houston [14th Dist.] Feb. 28,
2006, no pet.) (mem. op.); In re T.L.S., 170 S.W.3d at 166; In re M.G.M., 163 S.W.3d 191,
202 (Tex. App.--Beaumont 2005, no pet.). "While past violence does not mandate a finding
of likely future violence, it can support such a finding in some instances. . . ." Banargent,
2006 WL 462268, at *2. Here, appellee's testimony establishes multiple instances of past
violence, threats to kill appellee, as well as a particularly vicious attack in which appellant
attempted to strangle appellee and shot at her with a pistol. Under the circumstances of this
case, we conclude there was more than a scintilla of evidence to support the trial court's
finding of a likelihood of future violence. See id. We overrule issue two.

 AFFIRMED. 

 __________________________________

 CHARLES KREGER

 Justice


Submitted on June 25, 2009 

Opinion Delivered August 13, 2009



Before McKeithen, C.J., Kreger and Horton, JJ.