NO. 07-09-0187-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 18, 2009
_____

IN THE INTEREST OF V.M.O. AND K.A.O., CHILDREN
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-542,899; HONORABLE BRADLEY UNDERWOOD, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

This is an appeal from an order terminating the parental rights of appellant P. O.[1] to his children V.M.O. and K.A.O. after a bench trial in a proceeding brought by appellee, the Texas Department of Family and Protective Services.  We affirm the trial court's judgment.

Background

Appellant married Sara in October 2000.  V.M.O. and K.A.O. are the children born to the couple during their three-year marriage. V.M.O. was born in 2000, K.A.O. in 2003.

_____

[1] We use appellant's initials pursuant to appellate procedure rule 9.8.  Tex. R. App. P. 9.8(b).

Sara also had a child, C.T., with her former husband. C.T. was born in 1994. In May 2006, appellant was convicted by a jury of injury to a child, C.T.,[2] and sentenced to fifteen years of imprisonment in the Texas Department of Criminal Justice. He was still serving his sentence at the time of the termination proceeding.

In April 2008, the Department of Family and Protective Services ("the Department") filed a petition to terminate the parental rights of appellant.[3] On May 22, 2009, the court held a final hearing on the Department's petition. In addition to the documentary evidence of appellant's conviction for his injury of C.T., the court heard testimony concerning that offense. A psychologist testified that C.T., nine years old at the time of the incident, told him appellant severely physically abused him, used an electrical cord on his back, and hit him with other objects.

Sara testified she and appellant smoked marijuana together outside while the children were asleep inside the home. Sara also testified that appellant used other drugs in the past, including speed. She further testified appellant slapped her "a few times" during their marriage. She also testified she found out about C.T.'s injuries the day after they occurred. She got a call from Child Protective Services telling her she needed to come get C.T. from school. When she arrived, they showed her C.T.'s injuries. She described them as "[h]is bottom was like full of bruises like that (indicating), from the

---

[2] *See* Tex. Penal Code Ann. § 22.04 (Vernon 2003).

[3] The Department's petition also sought termination of Sara's parental rights and those of C.T.'s father. Sara signed a voluntary relinquishment of her parental rights, and the court terminated her rights based on that relinquishment. The court also terminated those of C.T.'s father, who has not appealed the judgment of termination.

spankings. And then on the leg, I saw a bruise that was the length of a belt, the length of the flat end of the part of the belt. You could literally–you could literally see that on him. That was the most horrifying day of my life." She testified appellant told her C.T. did not look both ways going across the street and was almost hit. Appellant told Sara he took C.T. home and disciplined him but did not tell her that he hit C.T.[4]

Sara testified appellant attempted to correspond with her and the children after he was incarcerated in 2006. She also told the court V.M.O. was aware of what happened to C.T. and sometimes told Sara she remembered seeing appellant hurt C.T. Sara further testified that she was "extremely happy" with the placement of her three children with her parents and that she voluntarily relinquished her parental rights so that her parents could proceed with the adoption of her children. She testified it was in her children's best interest for her rights to her three children, as well as appellant's rights to V.M.O. and K.A.O., be terminated. The psychologist and a therapist testified that the children were doing well in their grandparents' home and desired to remain there.

Of the several predicate grounds the Department alleged supported termination of appellant's parental rights, the court found four to be true, and found termination was in the children's best interest.[5] The final order terminating appellant's rights was entered on May

---

[4] Sara also testified she recalled a prior incident in which CPS called and told her appellant had punched C.T. in the stomach.

[5] The court also specifically found that the injuries to C.T. constituted serious injury as contemplated by section 22.04 of the Penal Code.

27, 2009. Thereafter, appellant filed a motion for new trial that was overruled by operation of law. This appeal followed.

Analysis

Grounds for Termination

The four predicate grounds found by the court to support termination, pursuant to section 161.001 of the Family Code,[6] were that appellant:

(1)     knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered their physical or emotional well-being;

(2)     engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered their physical or emotional well-being;

(3)     had been convicted or [had] been placed on community supervision, including deferred adjudication community supervision, for being criminally responsible for the death or serious injury of a child under the following sections of the Penal Code or adjudicated under Title 3 for conduct that caused the death or serious injury of a child and that would constitute a violation of one of the following Penal Code sections:

        § 22.021 (aggravated sexual assault)

_____

[6] *See* Tex. Fam. Code Ann. § 161.001(1) (Vernon 2009).

4

§ 22.04 (injury to a child, elderly individual, or disabled individual); and

(4)     knowingly engaged in criminal conduct that has resulted in appellant's conviction of an offense and confinement or imprisonment and inability to care for the children for not less than two years from the date of filing the petition.

See Tex. Fam. Code Ann. § 161.001(1)(D), (E), (L), (Q) (Vernon 2009).

Sufficiency of the Evidence Supporting Termination

*Challenge to the Grounds*

In appellant's first two issues, he challenges the evidence supporting the grounds on which the trial court determined his parental rights should be terminated. A parental-rights termination decree must be based on a finding of at least one predicate ground and a finding that termination is in the best interest of the child. Tex. Fam. Code Ann. § 161.001 (Vernon 2009). Both elements must be established and proof of one element does not relieve the petitioner of the burden of proving the other. *Holley v. Adams,* 544 S.W.2d 367, 370 (Tex. 1976); *In re J.O.A.,* 262 S.W.3d 7, 22 (Tex.App.–Amarillo 2008), *aff'd as modified and remanded,* 283 S.W.3d 336 (Tex. 2009).

As noted, the trial court found in its written order that the termination of appellant's parental rights was appropriate under subsections (D), (E), (L) and (Q) of Section 161.001(1). Appellant, however, has challenged the sufficiency of the evidence supporting

5

termination only under subsection (L) of section 161.001(1), and raises no appellate complaint regarding the court's findings under subsections (D), (E) or (Q). "Only one predicate finding under section 161.001(1) is necessary to support a judgment of termination." *In re A.V. and J.V.* 113 S.W.3d 355, 362 (Tex. 2003). If multiple predicate grounds are found by the trial court, we will affirm based on any one ground because only one is necessary for termination of parental rights. *In re S.N.,* 272 S.W.3d 45, 49 (Tex.App.–Waco 2008, no pet.). The unchallenged findings supporting termination under subsections (D), (E) and (Q) are binding on us,[7] and suffice to support the trial court's judgment. *See Perez v. Texas Dep't of Protective & Regulatory Servs.*, 148 S.W.3d 427, 434 (Tex.App.–El Paso 2004, no pet.); *In re L.M.*, 104 S.W.3d 642, 647 (Tex.App.–Houston [1st Dist.] 2003, no pet.). *See also In re A.C.,* No. 07-07-0354-CV, 2008 WL 1744333 (Tex.App.–Amarillo April 16, 2008, no pet.) (mem. op.). Accordingly, we need not address appellant's challenges to the sufficiency of the evidence supporting termination under subsection (L), *In re S.N.,* 272 S.W.3d at 49, and we overrule his first and second issues.

*Challenge to the Best Interests*

In appellant's third issue, he challenges the trial court's finding that termination of his parental rights was in the best interests of his children.

---

[7] *Flowers v. Texas Dep't of Human Resources, Tarrant County Welfare Unit*, 629 S.W.2d 891 (Tex.App.–Fort Worth 1982, no writ).

The Department contends we may not consider appellant's best interest issue on appeal because it was not included in his statement of points. Section 263.405(b) of the Family Code requires a party who intends to appeal a final order terminating parental rights to file "a statement of the point or points on which the party intends to appeal" with the trial court "[n]ot later than the 15th day after the date a final order is signed [.]" Tex. Fam. Code Ann. § 263.405(b) (Vernon 2009). Section 263.405(i) states: "[t]he appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial. For purposes of this subsection, a claim that a judicial decision is contrary to the evidence or that the evidence is factually or legally insufficient is not sufficiently specific to preserve an issue for appeal." Tex. Fam. Code Ann. § 263.405(i).

Here, appellant filed a motion for new trial that appears to contain his statement of points. We agree with the Department that the pleading does not specifically present an issue challenging the trial court's best interest finding. The appellate issue is not preserved for our review.[8] *See In the Interest of M.G.*, No. 07-09-0137-CV, 2009 WL 3735444 (Tex.App.–Amarillo, November 9, 2009, no pet. h.) (mem. op.) (similarly finding sufficiency challenge to evidence supporting best interest finding precluded because of absence of

[8] At oral argument, the parties made argument concerning the possible effect on this case of *In re J.O.A.*, 283 S.W.3d 336 (Tex. 2009). We agree with the Department that *J.O.A.* has no application to this case. Appellant does not contend the statute requiring a statement of points is unconstitutional as applied to him, nor does he contend he has been deprived of the effective assistance of counsel. *Id.* at 339. *See also In re A.B.,* No. 10-09-00137-CV, 2009 WL 3487790 (Tex.App.–Waco Oct. 28, 2009, no pet.) (mem. op.) (applying *J.O.A.* similarly).

7

issue in statement of points). Moreover, even if we are mistaken and appellant's pleading can be read to present such an issue, we find it has no merit.

Like that supporting the statutorily-enumerated predicate grounds for termination, the evidence supporting a trial court's finding that termination of parental rights is in the best interest of the child must be clear and convincing. Tex. Fam. Code Ann. § 161.001; *In Interest of G.M.,* 596 S.W.2d 846, 847 (Tex. 1980). Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *In re J.F.C.*, 96 S.W.3d 256, 264 (Tex. 2002); *In re C.H.,* 89 S.W.3d 17, 26 (Tex. 2002).

When reviewing factual findings required to be made by clear and convincing evidence, we apply a standard of review that reflects this burden of proof. *In re S.M.L.,* 171 S.W.3d 472, 476 (Tex.App.–Houston [14th Dist.] 2005, no pet.). When reviewing the legal sufficiency of the evidence, we consider all of the evidence in the light most favorable to the finding to determine whether a reasonable fact finder could have formed a firm belief or conviction that the finding was true. *Id., citing In re J.F.C.*, 96 S.W.3d at 266. In doing so, we assume the fact finder resolved disputed facts in favor of the finding if a reasonable fact finder could do so, and we disregard all evidence that a reasonable fact finder could have disbelieved or found to have been incredible. *Id.* However, because of the heightened standard, we must also be mindful of any undisputed evidence contrary to the finding and consider that evidence in our analysis. *In re J.F.C.,* 96 S.W.3d at 266 ("Disregarding

8

undisputed facts that do not support the finding could skew the analysis of whether there is clear and convincing evidence").

Under a factual sufficiency review, we also must determine whether a fact finder could reasonably form a firm belief or conviction about the truth of the allegations. *In re S.M.L.*, 171 S.W.3d at 476. When reviewing a factual sufficiency challenge, the analysis is somewhat different in that we must consider all of the evidence equally, both disputed and undisputed. *In re J.F.C.,* 96 S.W.3d at 266. If, in light of the entire record, the disputed evidence that a reasonable fact finder could not have credited in favor of the finding is so significant that a fact finder could not have reasonably formed a firm belief or conviction, then the evidence is factually insufficient. *In re S.M.L.,* 171 S.W.3d at 476 (*citing In re J.F.C.,* 96 S.W.3d at 266).

Appellant's specific contention is that the evidence is legally and factually insufficient to support the finding because the Department failed to ask any witness at trial whether termination of appellant's rights was in the best interest of the children. The record does not support appellant's argument. The children's mother Sara, their therapist, and the Department's supervisor all testified in response to questioning that it was in the best interests of the children that the respective parents' rights be terminated.[9] Moreover,

---

[9]The therapist and Sara both responded to the Department's question to them about the children's best interest. The Department supervisor answered affirmatively in response to a question by the attorney ad litem.

nothing in the case law requires that best interest be established by testimony responding to that precise question. *See, e.g., Holley,* 544 S.W.2d at 370; *In re C.H.,* 89 S.W.3d at 28.

In evaluating whether termination is in a child's best interest, courts commonly apply a set of non-exclusive *Holley* factors: (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) any emotional or physical danger to the child now and in the future; (4) the parenting ability of the individuals seeking custody; (5) the programs available to assist those individuals to promote the best interest of the child; (6) the plans for the child by those individuals seeking custody; (7) the stability of the home; (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parents. *See Holley*, 544 S.W.2d at 372. In addition, a court may infer that past conduct endangering the well being of a child may recur in the future if the child is returned to the parent. *In re T.L.S.,* 170 S.W.3d 164, 166 (Tex.App.–Waco 2005, no pet.); *Williams v. Williams*, 150 S.W.3d 436, 451 (Tex.App.–Austin 2004, pet. denied). Too, evidence establishing the statutory grounds for termination may also illustrate that termination is in the child's best interest. *In re D.S.A.,* 113 S.W.3d 567, 574 (Tex.App.–Amarillo 2003, no pet.), *citing In re C.H.,* 89 S.W.3d at 24.

10

The *Holley* factors focus on the best interest of the child, not that of the parent. *Patterson v. Brist,* 236 S.W.3d 238, 240 (Tex.App.–Houston [1st Dist] 2006, pet. dism'd); *Dupree v. Texas Dep't Prot. & Reg. Servs.*, 907 S.W.2d 81, 86 (Tex.App.–Dallas 1995, no writ). The law recognizes a strong presumption that the best interest of a child will be served by preserving the parent-child relationship. *Swate v. Swate,* 72 S.W.3d 763, 767 (Tex.App.–Waco 2002, pet. denied). But it recognizes also that the prompt and permanent placement of the child in a safe environment is presumed to be in the child's best interest. Tex. Fam. Code Ann. § 263.307 (Vernon 2009); *In re J.F.,* No. 02-08-0183-CV, 2009 WL 806889, *6 (Tex.App.–Fort Worth March 26, 2009, no pet.) (mem. op.).

As noted, Sara, the therapist, and the Department supervisor all testified it was in the best interests of the children for appellant's parental rights to be terminated. Their opinions are supported by the evidence that the children had a good home with their maternal grandparents and desired to remain with them. The court well could have considered appellant's conviction for injury to C.T. to indicate a risk of danger from similar actions by appellant in the future, and to cast doubt on his parenting abilities. The evidence of V.M.O.'s memories of seeing appellant hurt C.T. could have indicated to the trial court that the parent-child relationship was not a proper one. Appellant is serving a fifteen-year prison sentence for injuring C.T. While incarceration alone is not a sufficient basis on which to terminate his rights, it is an additional factor bearing on the best interest of children. *See Rogers v. Department of Family and Protective Services,* 175 S.W.3d 370, 378 (Tex.App.–Houston [1st Dist.] 2005, pet. dism'd

11

w.o.j.) (mem. op.) (noting lengthy prison sentence as factor in best interest analysis). *See also In re E.P.,* Nos. 13-06-033-CV, 13-06-034-CV, 2008 WL 458509, *4-5 (Tex.App.–Corpus Christi Feb. 21,2008, no pet.) (mem. op.) (finding fifteen-year sentence primary factor regarding best interests). The evidence of appellant's history of violence against women bears on his ability to provide a stable home for his children. The record indicates appellant was convicted of sexual assault in 1993, an offense requiring him to register as a sex offender in Texas, and of misdemeanor assault of his ex-wife in 1995. Sara testified appellant slapped her during their marriage and testified the two engaged in drug use outside the home while the children were inside asleep. The evidence also indicates appellant did little to provide for his children or ensure they were cared for while he was incarcerated.

Evidence contrary to the finding includes appellant's demonstrated interest in his children and evidence he took advantage of programs designed to improve his parenting skills, including a parenting class and a stress management class.

Considering all the evidence in relation to the best interest factors in the light most favorable to the court's findings, we conclude a reasonable trier of fact could have formed a firm belief or conviction that termination was in the children's best interest. And viewing all the evidence in a neutral light, we conclude that the disputed and undisputed evidence favoring and disfavoring the finding permits a reasonable factfinder to form a firm conviction and belief that termination was in V.M.O. and K.A.O.'s best interests. The evidence supporting the court's finding that termination of appellant's parental rights was

12

in the children's best interests is legally and factually sufficient.  *See  Holley,* 544 S.W.2d

367; *In re S.M.L.D.,* 150 S.W.3d 754, 756 (Tex.App.–Amarillo 2004, no pet.).  We overrule

appellant's third issue.[10]

Having overruled each of appellant's issues, we affirm the judgment of the trial

court.


James T. Campbell
Justice

_____