David PEÑA, Appellant,

v.

Nancy GARZA, Appellee.

No. 04–00–00633–CV.

Court of Appeals of Texas, San Antonio.

Aug. 8, 2001.

Dinah Gaines, San Antonio, for appellant.

Scott Roberts, Assistant Criminal District Attorney, San Antonio, for appellee.

Sitting: TOM RICKHOFF, CATHERINE STONE, Justices, SARAH B. DUNCAN, Justice (concurring in the judgment only).

Opinion by: CATHERINE STONE, Justice

This is an appeal of a protective order. We are asked to decide whether the trial court erred in refusing to file findings of fact and conclusions of law, and whether the evidence was legally and factually sufficient to sustain the order. We affirm.

## Background

Nancy Garza and David Pena began dating in January 1999 and lived together from May 1999 until March 2000. In December 1999, after drinking at an office party, David got into a fight with Nancy and struck her with a telephone. Nancy called the police, but did not file charges. The couple spent Christmas day at David's sister's home. They got into a fight outside the house; David hit Nancy with a shoe that slipped off her foot. David's uncle intervened and stopped the abuse. In March 2000, another fight occurred during which David broke some furniture and damaged property belonging to their roommate. David moved out of the apartment two days later. In June 2000, at a labor union rally attended by both David and Nancy, David approached Nancy in what she perceived to be a threatening manner. She filed for a protective order the following day.

## Jurisdiction

As a threshold issue, the State argues this court should dismiss the appeal for

want of jurisdiction. It contends changes to the Family Code make protective orders interlocutory, thus reviewable only by mandamus. Before the Family Code was amended, the duration of a protective order was specified in the order and could not exceed one year; although it could be modified, it could not be extended. *See* Act of May 5, 1997, 75th Leg., R.S., ch. 34, 1997 Tex. Gen. Laws 85 (amended 1999) (current version at TEX. FAM.CODE ANN. § 85.025 (Vernon 2000)). Now, the duration of a protective order is for the period stated in the order, not to exceed two years; or, if the duration is not stated in the order, until the second anniversary of the date the order issued. TEX. FAM.CODE ANN. § 85.025(a)(1) & (2) (Vernon 2000). A person who is the subject of a protective order may file a motion, not earlier than the first anniversary of the date on which the order issued, requesting a review of the order to determine whether there is a continuing need for it. TEX. FAM.CODE ANN. § 85.025(b) (Vernon 2000). If a person who is the subject of a protective order is in prison on the date the order would have expired, the order is extended until the first anniversary of the date the person is released. TEX. FAM.CODE ANN. § 85.025(c) (Vernon 2000).

 There is nothing in the nature of these amendments, however, that alters the fundamental analysis this court applied in *James v. Hubbard,* 985 S.W.2d 516, 517–18 (Tex.App.—San Antonio 1998, no pet.). In that case, we noted that an injunction is permanent, rather than temporary, if the duration of the injunctive relief granted does not depend on any further order of the court, and applied this definition to the protective order at issue. Here, the trial court issued a protective order that, in addition to the standard prohibitions, prohibited David from "being in the presence of applicant for any reason" and prohibited

Nancy from "contacting respondent for any reason, by phone or in person." That the duration of protective orders may vary under the amended statute is immaterial. The duration of each is either set out in the order or fixed by statute. Here, the duration of the order was set at two years. Although David may move for a review of the order after one year, the relief granted to both parties does not depend upon any further order of the court; accordingly, it is a permanent injunction that may be appealed.

### Findings of Fact and Conclusions of Law

 In points of error one and two, appellant contends the trial court erred by not responding to his timely motions for written findings of fact and conclusions of law, and that he was harmed by the omission. The State argues there is an inherent conflict between Texas Rule of Civil Procedure 299a and Family Code section 85.001. Rule 299a states that findings of fact should not be recited in a judgment but should be filed as a separate document. TEX.R. CIV. P. 299a. In contrast, section 85.001 directs the court to find whether family violence has occurred and is likely to occur in the future, and to include these findings in the protective order. TEX. FAM.CODE ANN. §§ 85.001(a) & (c) (Vernon Supp.2001). The rules of procedure are general rules; statutes are specific. Thus, when the two conflict, the statute trumps the rule. *Wren v. Texas Employment Comm'n,* 915 S.W.2d 506, 509 (Tex.App.—Houston [14th Dist.] 1995, no writ). In its protective order, the trial court found that Pena committed family violence, that such violence was likely to occur in the future, and that a protective order was in the best interest of the household. The recitation of these findings complied with section 85.001, thus the trial court did not err in refusing to file addi-

tional findings of fact and conclusions of law.

We overrule points of error one and two.

### Sufficiency of the Evidence

In points of error three and four, appellant challenges the legal and factual sufficiency of the evidence. We apply the usual standards of review, and examine the evidence to see if there is any evidence to support the findings, or if the evidence is so weak as to be clearly wrong and manifestly unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986). In a bench trial, we review the findings for legal and factual sufficiency of the evidence by the same standards used in reviewing the evidence supporting a jury's verdict. *Tucker v. Tucker,* 908 S.W.2d 530, 532 (Tex.App.— San Antonio 1995, writ denied).

Although there was contradictory testimony at trial, the trial court evidently believed Nancy and her sister's testimony that David had struck Nancy on more than one occasion, and did not believe the testimony of David's friends and family members that they had seen no evidence of abuse. The trial court is free to reject or accept all or part of a witness's testimony. *Valencia v. Garza,* 765 S.W.2d 893, 895 (Tex.App.—San Antonio 1989, no writ). Accordingly, we hold the evidence was legally and factually sufficient to sustain the protective order.

We affirm the trial court's judgment.