**Affirmed as modified; Opinion Filed January 28, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01435-CV

**MANISH KUMAR KARDAM, Appellant**
**V.**
**MICHELLE LYNN LOFSTROM, Appellee**

**On Appeal from the 417th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 417-55748-2018**

# MEMORANDUM OPINION

Before Justices Myers, Schenck, and Carlyle
Opinion by Justice Myers

Manish Kumar Kardam appeals the protective order against him in favor Michelle Lynn Lofstrom. Appellant brings five issues contending the trial court erred by rendering the protective order because (1) the order violates his due process rights; (2), (3) the evidence is legally and factually insufficient to support the trial court's finding that appellant and appellee were "intimate partners" under 18 U.S.C. § 2266. Appellant also contends (4) the trial court erred by refusing to clarify the word "contact" in the court's findings of fact; and (5) the trial court erred by refusing to make additional findings and conclusions requested by appellant. Appellee agrees the evidence is insufficient to support the trial court's finding that they were intimate partners. We modify the judgment to delete the finding that the parties were "intimate partners," and we affirm the judgment as modified.

## BACKGROUND

Appellant and appellee were coworkers. Appellee applied for a protective order under chapter 7A of the Code of Criminal Procedure and alleged appellant had been stalking her. After a hearing at which both parties testified, the trial court signed a protective order against appellant. The order contains twelve prohibitions against appellant that the order states are enforceable by arrest.

## DUE PROCESS

In his first issue, appellant contends the protective order deprives him of due process because it does not provide for notice to him of a violation of the order and a hearing to contest the allegation that he violated the order before he is arrested for violating the order. Appellee asserts appellant's complaints are not ripe. We need not reach that issue because appellant did not object to the order in the trial court as violating his right to due process.

Rule of Appellate Procedure 33.1 requires that the record show that a party presenting a complaint for appellate review made a timely request, objection, or motion in the trial court that stated the grounds for the ruling sought. TEX. R. APP. P. 33.1(a)(1). The complaint must be specific enough to make the trial court aware of the complaint. *Id.* This rule applies to complaints that an order deprives a party of due process. *See McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 285 (Tex. 2018). A contention of lack of due process raised for the first time in the appellate court is not preserved for review. *Id.*

The record does not show appellant objected in the trial court that the order deprived him of due process. We conclude this issue is not preserved for appellate review. We overrule appellant's first issue.

## SUFFICIENCY OF THE EVIDENCE

In his second and third issues, appellant contends the evidence is legally and factually insufficient to support the trial court's finding in the protective order that "APPLICANT and RESPONDENT are intimate partners pursuant to Title 18, Unites States Code, Section 2266." Appellant asks that we reform the order and strike the finding that the parties were "intimate partners." Appellee states in her brief that appellant is correct that the "intimate partners" finding should be deleted from the order.

We have reviewed the record, and we agree with the parties that no evidence supports the finding that the parties were "intimate partners." Accordingly, we sustain appellant's second issue. Having concluded no evidence supports the finding, we do not address appellant's third issue contending the evidence is factually insufficient to support the finding.

## ADDITIONAL FINDINGS OF FACT

In his fourth and fifth issues, appellant contends the trial court was required to make subsequent or additional findings of fact under Rule of Civil Procedure 298. Appellant requested additional findings on whether the contact between appellant and appellee was physical or nonphysical. Appellant also requested additional findings and conclusions concerning whether appellant stalked appellee.

When the protective order contains the findings required by statute, the trial court is not required to make additional findings. *See Peña v. Garza*, 61 S.W.3d 529, 531–32 (Tex. App.—San Antonio 2001, no pet.); *see also Maki v. Anderson*, No. 02-12-00513-CV, 2013 WL 4121229, at *3 (Tex. App.—Fort Worth Aug. 15, 2013, pet. denied) (citing *Peña*).

Article 7A.03 provides that at the close of a hearing on an application for a protective order, "the court shall find whether there are reasonable grounds to believe that the applicant is the victim of sexual assault or abuse, stalking, or trafficking." CRIM. PROC. art. 7A.03(a). If a trial court

issues a protective order, the order must include "a statement of the required findings." *Id.* art 7A.03(b). The trial court stated in the protective order, "The Court finds that there are reasonable grounds to believe that RESPONDENT has stalked APPLICANT." Appellant does not challenge the sufficiency of the evidence to support this finding. This finding complied with article 7A.03. Therefore, appellant was not entitled to additional findings. *See Peña*, 61 S.W.3d at 531 (statutory requirement for findings in protective-order cases trumps right to findings under Texas Rules of Civil Procedure); *see also Maki*, 2013 WL 4121229, at *3 (citing *Peña*). We overrule appellant's fourth and fifth issues.

## CONCLUSION

We modify the protective order and order the following language deleted: "APPLICANT and RESPONDENT are intimate partners pursuant to Title 18, United States Code, Section 2266." We affirm the protective order as modified.

/Lana Myers/
LANA MYERS
JUSTICE

181435F.P05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MANISH KUMAR KARDAM, Appellant

No. 05-18-01435-CV      V.

MICHELLE LYNN LOFSTROM,
Appellee

On Appeal from the 417th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 417-55748-2018.
Opinion delivered by Justice Myers.
Justices Schenck and Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

the following language in the judgment of the trial court is **DELETED**: "APPLICANT and RESPONDENT are intimate partners pursuant to Title 18, United States Code, Section 2266."

It is **ORDERED** that, as modified, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee MICHELLE LYNN LOFSTROM recover her costs of this appeal from appellant MANISH KUMAR KARDAM.

Judgment entered this 28th day of January, 2020.