

# NUMBER 13-20-00188-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CESAR RENE TERRAZAS,                                                    Appellant,

v.

DEBORAH MARTINEZ,                                                        Appellee.

**On appeal from the 111th District Court
of Webb County, Texas.**

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Silva
Memorandum Opinion by Justice Silva**

Appellant Cesar Rene Terrazas appeals the trial court's protective order against

him for appellee Deborah Martinez. By a single issue, Terrazas contends the evidence

was legally and factually insufficient to support a finding that family violence is likely to occur in the future. We affirm.[1]

## I. BACKGROUND

According to Martinez, she and Terrazas dated for approximately two and a half years until they broke up "[b]ecause of his anger issues and he had no respect towards [her]." Martinez recounted that "[the relationship] got bad and threats were being made." In the early morning hours of November 26, 2019, Martinez was awakened by knocking on her window followed by a series of phone calls and threatening text messages from Terrazas. The text messages Terrazas sent to Martinez included:

- "I'm going to make you regret every single thing you did to me. Your days in this world are counted."

- "Pray to god that I don't f–cking see you. [Y]ou're basically dead as soon as I see you. Just watch[,] I'm going to make you that promise. So enjoy your last few weeks."

- "Call the cops[.] I'm waiting for them. I'm ready to die."

- "Just know I'm going for you as soon as they come[.]"

- "I'm ready to die[.] [A]re you[?]"

Shortly after the last text message, Terrazas began shooting through Martinez's home with a rifle. Martinez and her mother hid in Martinez's brother's room for shelter while Martinez called the police.[2] At that point, Terrazas broke into the home through a window

---

[1] This case is before this Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] Prior to the shooting, Martinez had contacted Terrazas's mother, who also called police requesting assistance at Martinez's home.

and began shooting through the bedroom door. Martinez's mother was struck by bullets in each leg. After Martinez's mother yelled out that she had been shot, Terrazas walked away.

As Terrazas was attempting to leave the home, Martinez's brother tackled him and managed to take the weapon away from him. Martinez and her mother physically engaged Terrazas; Martinez's mother held Terrazas down on the couch until she could no longer move due to blood loss. Shortly thereafter, the police arrived and placed Martinez in a unit before they entered the home and arrested Terrazas.

On February 6, 2020, Martinez filed an application for a protective order, including a request for a temporary ex parte protective order, which was granted. The temporary ex parte order was effective through February 19, 2020, when the final hearing was held. At the hearing, Terrazas's counsel indicated that another district court had issued a no-contact order for Terrazas as part of pre-trial bond conditions.[3] At the hearing, Martinez testified that she was afraid that if the protective order was not granted, Terrazas would commit violence against her again. Martinez acknowledged that she had not heard from Terrazas, his family, or his friends since the shooting. However, Martinez testified that she changed her phone number and blocked people on her social media to prevent him from contacting her. The trial court found that family violence had occurred and "that there is a clear and present danger of family violence and a likelihood that it will continue in the

---

[3] Terrazas's counsel also indicated that they were not contesting the contents of the affidavit, but simply could not agree to a finding of family of violence to avoid any implications on Terrazas's criminal case.

future." The trial court granted a two-year protective order against Terrazas. This appeal followed.

## II. PROTECTIVE ORDER

By his sole issue, Terrazas contends there was not legally and factually sufficient evidence supporting the trial court's finding that family violence is likely to occur in the future. We disagree.

### A. Standard of Review

A legal sufficiency challenge may only be sustained when (1) the record discloses a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of a vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). In determining whether there is legally sufficient evidence to support the finding, we must consider evidence favorable to the finding if a reasonable fact finder could, and disregard evidence contrary to the finding unless a reasonable fact finder could not. *Id.* at 827. Evidence is legally sufficient if it would enable fair-minded people to reach the finding or verdict under review. *Id.*

In reviewing a finding for factual sufficiency, we weigh all the evidence in the record and set aside the challenged finding only if it is so contrary to the overwhelming weight and preponderance of the evidence that it is clearly wrong and manifestly unjust. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996) (per curiam). The trier of fact is the sole judge of the weight and credibility of the witnesses' testimony. *Golden Eagle Archery, Inc. v.*

4

*Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). "When, as here, the trial court does not issue findings of fact and conclusions of law all relevant facts that are necessary to support the judgment and supported by evidence are implied." *Old Republic Nat'l Title Ins. Co. v. Bell*, 549 S.W.3d 550, 558 (Tex. 2018).

**B.    Applicable Law**

A trial court shall grant a protective order against a person if the court finds that the person has engaged in family violence and family violence is likely to occur in the future. TEX. FAM. CODE ANN. § 85.001. "In a protective order, the court may order the person found to have committed family violence to perform acts specified by the court that the court determines are necessary or appropriate to prevent or reduce the likelihood of family violence . . . ." *Id*. § 85.022(a).

> "Family violence" means an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault, but does not include defensive measures to protect oneself.

*Id.* § 71.004(1). Family violence includes "dating violence." *Id.* § 71.004(3).

> "Dating violence" means an act, other than a defensive measure to protect oneself, by an actor that:
>
> (1) is committed against a victim or applicant for a protective order:
>
> (A) with whom the actor has or has had a dating relationship; or
>
> (B) because of the victim's or applicant's marriage to or dating relationship with an individual with whom the actor is or has been in a dating relationship or marriage; and

5

(2) is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the victim or applicant in fear of imminent physical harm, bodily injury, assault, or sexual assault.

*Id.* § 71.0021.

The trial court is not required to make a likelihood finding based on more than one act of family violence. *Boyd v. Palmore*, 425 S.W.3d 425, 432 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Maples v. Maples*, 601 S.W.3d 23, 28 (Tex. App.—Tyler 2020, no pet.). "On the contrary, courts have recognized that '[o]ftentimes, past is prologue; therefore, past violent conduct can be competent evidence which is legally and factually sufficient to sustain the award of a protective order.'" *Boyd*, 425 S.W.3d at 432 (quoting *In re Epperson*, 213 S.W.3d 541, 544 (Tex. App.—Texarkana 2007, no pet.)); *see, e.g.*, *Clements v. Haskovec*, 251 S.W.3d 79, 85 (Tex. App.—Corpus Christi–Edinburg 2008, no pet.).

## C.    Analysis

Terrazas does not challenge the trial court's findings that he and Martinez were previously in a dating relationship or that family violence had occurred; rather, he challenges the trial court's finding that family violence is likely to occur in the future. *See* TEX. FAM. CODE. ANN. § 85.001(a)(2). To demonstrate a lack of evidence that violence is likely to occur in the future, Terrazas points to Martinez's testimony that she has not heard from Terrazas or his friends and family since the shooting. However, Martinez testified that she had changed her phone number and taken steps to prevent any contact from occurring. Further, as noted by Terrazas's counsel, Terrazas was under a no-contact order as a bond condition for the associated felonies.

6

There is no doubt that Terrazas's actions constitute family violence. *See id.* § 71.004(1). Shooting at or towards an individual with whom the shooter had a relationship "is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault . . . ." *Id.* Martinez testified that she ended the relationship with Terrazas because "[the relationship] got bad and threats were being made." As the sole judge of the credibility of Martinez's testimony, the trial court was free to believe that Terrazas had previously threatened Martinez. *See Golden Eagle Archery, Inc.*, 116 S.W.3d at 761; *Pena v. Garza*, 61 S.W.3d 529, 532 (Tex. App.—San Antonio 2001, no pet.). Additionally, the trial court could have reasonably formed a belief that Terrazas was likely to engage in future family violence based off one extreme episode of violence. *See Boyd*, 425 S.W.3d at 432; *Maples*, 601 S.W.3d at 28. We conclude that the evidence was both legally and factually sufficient to support a finding that family violence is likely to occur in the future. *See* Tex. Fam. Code Ann. § 85.001(a)(2). Terrazas's sole issue is overruled.

### III.    CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Delivered and filed on the
6th day of May, 2021.

7