**Affirmed and Majority and Concurring Opinions filed August 31, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00618-CV

## ROYCE ALLEN PHILLIPS, Appellant

## V.

## ALICIA LUCILE PHILLIPS, Appellee

**On Appeal from the 280th District Court
Harris County, Texas
Trial Court Cause No. 2019-17786**

## MAJORITY OPINION

This is an appeal of a protective order in a family-law case.[1] Appellant Royce Allen Phillips (Husband) challenges the protective order rendered by the

---

[1] Appellate courts have jurisdiction over appeals from final judgments and specific types of interlocutory orders designated by the legislature as appealable. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014. A judgment is final and appealable if it disposes of all parties and all issues. *Lehmann*, 39 S.W.3d at 195.

The Family Code provides that a "protective order rendered against a party in a suit for dissolution of a marriage may not be appealed until the time the final decree of dissolution of the

trial court in favor of appellee Alicia Lucile Phillips (Wife) in two issues. In his first issue, Husband argues that the trial court had no jurisdiction to consider the protective order because a divorce proceeding involving the same parties was pending in a different district court. In his second issue, he claims the trial court erred because it did not file findings of fact identifying which disputed evidence the final protective order relied order on. We affirm.

## I. BACKGROUND

In 2018, Wife filed a petition for divorce from Husband, which was assigned to the 246th District Court of Harris County. In March 2019, Wife filed an application for protective order in the 280th District Court pursuant to Family Code chapter 82. Tex. Fam. Code Ann. § 82.001. The 280th District Court is designated as the domestic violence district court for Harris County and gives preference to domestic violence cases. Tex. Gov't Code Ann. § 24.112(h), (i). In her first amended application, Wife alleged that although a suit for dissolution of marriage was pending in Harris County, her application for protective order was properly before the 280th District Court because she resided in Harris County. Tex. Fam. Code Ann. § 85.062(a)(2). The 280th District Court issued an ex parte temporary protective order in March 2019 before Husband appeared and answered.

marriage becomes a final, appealable order." *See* Tex. Fam. Code Ann. § 81.009(a). However, the application in this case was not filed as a motion in a suit for dissolution of a marriage. It was filed under a separate cause number in a separate court, and the appellate record does not reflect that it was consolidated with the divorce proceeding. *See Davis v. Davis*, No. 06-07-00059-CV, 2007 WL 1574278, at *1 (Tex. App.—Texarkana June 1, 2007, no pet.) (mem. op.). This court has previously held that a family-violence protective order that gives injunctive relief and disposes of all issues and parties is a final, appealable order. *Ulmer v. Ulmer*, 130 S.W.3d 294, 296 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *see also Vongontard v. Tippit*, 137 S.W.3d 109, 110 (Tex. App.—Houston [1st Dist.] 2004, no pet.). Even though the protective order was rendered during the time that Husband and Wife had a pending divorce proceeding, the protective order was not rendered against Husband "in a suit for dissolution of marriage." And because the final protective order disposed of all parties and all issues in the case, we conclude that it was a final, appealable order.

Husband filed an answer claiming that Wife's application for protective order was frivolous because the 246th District Court had already denied "the same issues." Over three days in March and April 2019, the 280th District Court held a hearing on Wife's application for a protective order.[2] On May 13, 2019, Husband filed a motion to dismiss Wife's application arguing that the 280th District Court lacked subject-matter jurisdiction over Wife's application. Alternatively, Husband argued that Wife's application should be abated because the 246th District Court had dominant jurisdiction. The record does not indicate that Husband's motion was ever heard or ruled on by the trial court.

The trial court signed the final protective order in favor of Wife on May 24, 2019. The protective order expired twenty-four months from the date of signing, and included findings that "family violence has occurred, was committed by [Husband], and family violence committed by [Husband] is likely to occur in the future." After the trial court signed the protective order, Husband filed a request for findings of fact and conclusions of law pursuant to Rule 296. Tex. R. Civ. P. 296. Husband also filed a "Notice of Past Due Findings of Fact and Conclusions of Law" pursuant to Rule 297. Tex. R. Civ. P. 297. Other than those contained in the final protective order, the trial court did not make any additional findings of fact or conclusions of law.

## II. ANALYSIS

### A. Mootness

Though not raised by the parties, we address mootness. The protective order here has already expired and nothing in our record suggests it was the basis of any other proceeding. Subject-matter jurisdiction is fundamental to our authority to

---

[2] The Final Protective Order incorrectly states that Wife's application was heard by the trial court on May 9, 2019.

dispose of cases. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012) ("a case is moot when the court's action on the merits cannot affect the parties' rights or interest"). However, Texas courts have recognized a "collateral consequences" exception to the mootness doctrine that allows an appellate court to review a case after it becomes moot. *Marshall v. Housing Auth. of the City of San Antonio*, 198 S.W.3d 782, 789 (Tex. 2006); *State for Prot. of Cockerham v. Cockerham*, 218 S.W.3d 298, 302 (Tex. App.—Texarkana 2007, no pet.) (collecting cases). Under that exception, an expired protective order based on a finding of family violence is reviewable because the "effects of a protective order carry significant collateral legal repercussions and a social stigma." *Cockerham*, 218 S.W.3d at 303; *see In re Salgado*, 53 S.W.3d 752, 757–58 (Tex. App.—El Paso 2001, no pet.). Because the order here is based on the allegations of abuse directed towards a spouse, Husband is entitled to appellate review.

## B.  Subject-matter jurisdiction

Relying on Family Code section 85.062, Husband argues the final protective order is void because the trial court lacked subject-matter jurisdiction. "[S]ubject-matter jurisdiction is essential to a court's power to decide a case." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). Consequently, a court cannot render a binding judgment concerning matters over which it lacks subject-matter jurisdiction. *See In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 309 (Tex. 2010). For these reasons, subject-matter jurisdiction cannot be waived by the parties. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993). Determining whether a trial court had subject-matter jurisdiction is a question of law, which we review de novo. *City of Houston v. Rhule,* 417 S.W.3d 440, 442 (Tex. 2013) (per curiam).

Subject-matter jurisdiction is the power of a court to hear and determine cases of a general class to which the case in question belongs. *Deen v. Kirk*, 508 S.W.2d 70, 72 (Tex. 1974). As a district court, the 280th District Court has subject-matter jurisdiction over protective order proceedings like any other district court. *See* Tex. Const. art. V, § 8 ("District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body."); Tex. Gov't Ann. § 24.007 ("district court has the jurisdiction provided by Article V, Section 8, of the Texas Constitution"); Tex. Gov't Code Ann. § 24.112(h), (i) (Harris County shall designate "domestic violence district court" that gives preference to "domestic violence cases"); Tex. Gov't Code Ann. § 24.457 (identifying 280th as district court for Harris County); Tex. Gov't Code Ann. § 24.951 (all district courts in county have concurrent civil and criminal jurisdiction within territorial limits of county); *see also Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71, 75 (Tex. 2000) (general presumption for courts of general jurisdiction is they have subject-matter jurisdiction). Therefore, the 280th District Court had jurisdiction over the subject matter of Wife's protective order application.

Husband argues that the language of Family Code section 85.062 deprived the trial court of subject-matter jurisdiction:

> APPLICATION FILED WHILE SUIT FOR DISSOLUTION OF MARRIAGE OR SUIT AFFECTING PARENT-CHILD RELATIONSHIP PENDING. (a) If a suit for dissolution of a marriage or suit affecting the parent-child relationship is pending, a party to the suit may apply for a protective order against another party to the suit by filing an application:
>
> (1) in the court in which the suit is pending; or

5

>    (2) in a court in the county in which the applicant resides if the applicant resides outside the jurisdiction of the court in which the suit is pending.

Tex. Fam. Code Ann. § 85.062. The Family Code further provides that a "person who wishes to apply for a protective order with respect to the person's spouse and who is a party to a suit for the dissolution of a marriage . . . **must** file the application as required by Subchapter D, Chapter 85." Tex. Fam. Code Ann. § 82.005 (emphasis added). Section 85.062 is contained within Subchapter D of Chapter 85. The question we must then resolve is whether the language in section 82.005 makes the filing requirements of section 85.062 jurisdictional.[3] *Id.*

When used in a statute, the term "must" creates or recognizes a condition precedent. Tex. Gov't Code Ann. § 311.016(3). Texas courts have generally interpreted "must" as mandatory, creating a duty or obligation. *See Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001). Even if a statutory requirement is mandatory, this does not mean that compliance is necessarily jurisdictional. *Id.* at 494; *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 961 (Tex. 1999). When a statute is silent about the consequences of noncompliance, we look to the statute's purpose to determine the proper consequences. *Sinclair*, 984 S.W.2d at 961.

Here, there is no stated consequence for noncompliance with the filing requirements. However, Chapter 85 contemplates that a final protective order may be rendered by a court other than the court in which a suit for dissolution of a marriage is pending. Tex. Fam. Code Ann. § 85.062(c). In that situation, the clerk

---

[3] The Family Code also references jurisdiction in chapter 71. Tex. Fam. Code Ann. § 71.002. For purposes of a protective order proceeding, "court" is defined as the "district court, court of domestic relations, juvenile court having the jurisdiction of a district court, statutory county court, constitutional county court, or other court expressly given jurisdiction under this title." *Id.* However, this definition does not change or restrict the jurisdiction of a district court presiding over a protective-order proceeding.

of the court that rendered the protective order shall (1) inform the clerk of the court in which the suit is pending that a final protective order has been rendered and (2) forward a copy of the final protective to the court in which the suit is pending. *Id.* § 85.062(c)(1), (2). Chapter 85 also contains transfer procedures, which allow a protective order rendered by a court other than the one in which a suit for dissolution is pending to transfer the protective order. *Id.* §§ 85.062(d), .064. These provisions indicate that the consequence for non-compliance is not jurisdictional. Finally, public policy favors allowing immediate access to a tribunal for the safety and protection of a spouse, as well as a child. *See In re Salgado*, 53 S.W.3d at 762. Title 4 (Protective Orders and Family Violence) should be broadly construed to "effectuate its humanitarian and preventive purposes." *Boyd v. Palmore*, 425 S.W.3d 425, 430 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citation omitted); Tex. Family Code Ann. §§ 71.001–93.004 (title 4). "The purpose of the statute is to provide an expedited procedure for victims of domestic violence . . . [and] to give immediate protection to the applicant." *Roper v. Jolliffe*, 493 S.W.3d 624, 634 (Tex. App.—Dallas 2015, pet. denied). The determination that Husband asks this court to make, that section 85.062 is jurisdictional and deprived the 280th District Court of power to decide Wife's application, is at odds with the purpose of Title 4. *See* Tex. Gov't Code Ann. § 24.112(k) ("The designated domestic violence district court shall provide timely and efficient access to emergency protective orders . . . for persons the court determines are victims of domestic violence."). Therefore, we conclude that an applicant's compliance with section 85.062 is not jurisdictional. *See Sinclair*, 984 S.W.2d at 961 ("the purpose behind section 410.253 does not require dismissing the judicial review action for failure to timely file with the Commission"); *Hines v. Hash*, 843 S.W.2d 464, 468–69 (Tex. 1992) (noting it is not necessary to purpose of Deceptive Trade Practices-Consumer Protection Act's

7

presuit notice provision to dismiss plaintiff's action if notice is not timely provided).

Husband's argument that Wife filed her application in the wrong court is otherwise not a matter of fundamental error. Instead, Husband's argument is more properly characterized as an issue of dominant jurisdiction[4] or venue, which Husband did not preserve or raise on appeal. *See Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988) (court in which suit is first filed acquires dominant jurisdiction); *Gordon v. Jones*, 196 S.W.3d 376, 382–83 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (doctrine of dominant jurisdiction pertains to venue, not subject-matter jurisdiction). Husband never timely challenged venue or dominant jurisdiction in the trial court, nor did he seek to transfer the application to the 246th District Court. *See Hiles v. Arnie & Co., P.C.*, 402 S.W.3d 820, 826 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (dominant jurisdiction may be waived if not timely asserted); Tex. R. Civ. P. 86 ("An objection to improper venue is waived if not made by written motion filed prior to or concurrently with any other plea, pleading or motion"); Tex. R. App. P. 33.1(a).

We overrule Husband's first issue.

---

[4] Despite its name, the doctrine of dominant jurisdiction is not jurisdictional. Dominant jurisdiction applies when venue is proper in two or more Texas counties or courts. *Gonzalez v. Reliant Energy, Inc.*, 159 S.W.3d 615, 622 (Tex. 2005); *see also In re Puig*, 351 S.W.3d 301, 305 (Tex. 2011) (when jurisdiction of two courts is concurrent, issue is one of dominant jurisdiction); *Perry v. Del Rio*, 66 S.W.3d 239, 252 (Tex. 2001) (applying ripeness doctrine to resolve issue of four competing venues). Dominant jurisdiction recognizes "the plaintiff's privilege to choose the forum" and accepts that choice as correct, provided "the forum is a proper one." *Gonzalez*, 159 S.W.3d at 622. Thus, "the court in which suit is first filed generally acquires dominant jurisdiction to the exclusion of other courts if venue is proper in the county in which suit was first filed." *Id.* (citing *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988)). Therefore, the doctrine of dominant jurisdiction pertains to venue and is not jurisdictional. *See Gordon v. Jones*, 196 S.W.3d 376, 382–83 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *see also Curtis v. Gibbs*, 511 S.W.2d 263, 266 (Tex. 1974) (dominant jurisdiction resolves venue conflict between two courts with subject-matter jurisdiction).

## C.     Findings of fact and conclusions of law

In his second issue, Husband argues that the trial court did not file findings of fact and conclusions of law in response to his Rule 296 request. *See* Tex. R. Civ. P. 296. He argues that the trial court's failure to do so constituted reversible error. *See* Tex. R. Civ. P. 297 ("The court shall file its findings of fact and conclusions of law within twenty days after a timely request is filed."). Because the trial court never stated which facts were accepted as proof of family violence in the final protective order, Husband maintains that he does not know which allegations to focus on in his appeal.

However, the final protective order contained the findings mandated by the Family Code.[5] *See* Tex. Fam. Code Ann. § 85.001 (trial court shall find whether "family violence has occurred and family violence is likely to occur in the future"). The court complied with the statutory requirements by including the following findings in the final protective order:

> The Court finds that all requirements for a Protective Order have been met and that this Court has jurisdiction over the parties and this action. The Court further finds that the Applicants have shown that the Application for a Protective Order should be GRANTED and that granting this Protective Order is necessary to prevent future family violence by Royce Allen Phillips and is in the best interest of the Applicant and those to be protected in this Order.

---

[5] Rule 299a states that findings of fact should not be recited in a judgment, but should be filed as a separate document. Tex. R. Civ. P. 299a. However, section 85.001 directs the court to find whether family violence has occurred and is likely to occur in the future, and to include these findings in the protective order. Tex. Fam. Code Ann. § 85.001(a), (c). When there is a conflict between a statute and a rule, the statute prevails over the rule. *Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290, 298 (Tex. 2011) ("[W]hen a rule of procedure conflicts with a statute, the statute prevails unless the rule has been passed subsequent to the statute and repeals the statute as provided by Texas Government Code § 22.004.") (quoting *Johnstone v. State*, 22 S.W.3d 408, 409 (Tex. 2000)); *see Few v. Charter Oak Fire Ins. Co.*, 463 S.W.2d 424, 425 (Tex. 1971) ("[When a] rule of the court conflicts with a legislative enactment, the rule must yield."). Though this issue was not raised by the parties, we note that the rule predates the applicable statute.

> The Court finds that family violence has occurred, was committed by [Husband], and family violence committed by [Husband] is likely to occur in the future.

Husband's argument here is premised on the assumption that the trial court's findings of fact must list all evidence or proof supporting the protective order; however, he offers no legal authority for this argument. We disagree. The final protective order already included a finding that family violence occurred, and the court was not required to make a finding on each statement or allegation made by Wife. *See Peña v. Garza*, 61 S.W.3d 529, 531–32 (Tex. App.—San Antonio 2001, no pet.) (trial court is not required to make additional findings when protective order contains findings required by statute); *see also Nicholas v. Envtl. Sys. (Int'l) Ltd.*, 499 S.W.3d 888, 894–95 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) ("The trial court is not required to set out in detail every reason or theory by which it arrived at its final conclusions. Nor is the trial court required to accept amended findings and conclusions that merely resolve evidentiary issues or are otherwise unnecessary.").

Husband states that he cannot properly present his appeal because he does not "know if his appeal should focus on the insufficiency of holding papers in front of a phone as a basis for family violence or upon challenging the trial court['s] discretion for disallowing Appellant to explain how Appellee's bruising really occurred." Husband did not explain how the absence of the requested findings prevented him from making either of those challenges on appeal.

We overrule Husband's second issue.

### III.  CONCLUSION

We affirm the trial court's final protective order as challenged on appeal.


/s/    Charles A. Spain
Justice

Panel consists of Justices Spain, Hassan, and Poissant. (Poissant, J., concurring).