

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-25-00125-CV

Joshua **FUSILIER**,
Appellant

v.

**STATE** of Texas ex rel. Valencia Annette Galloway,
Appellees

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2024-CI-28143
Honorable Nadine Melissa Nieto, Judge Presiding

Opinion by:    Adrian A. Spears II, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Adrian A. Spears II, Justice
H. Todd McCray, Justice

Delivered and Filed: March 18, 2026

AFFIRMED

This is an appeal from the issuance of a protective order against Joshua Fusilier. On appeal, Fusilier challenges the legal and factual sufficiency of the evidence supporting the trial court's family violence finding. He further contends the protective order should be dissolved because he was found not guilty in the related criminal prosecution arising from the same incident.[1] We affirm.

---

[1]The State argues that Fusilier's brief failed to meet the basic briefing requirements and, therefore, his issues are waived and nothing is presented for our review. However, because Fusilier is appearing pro se, we will construe his brief liberally. *See Li v. Pemberton Park Cmty. Assoc.*, 631 S.W.3d 701, 706 (Tex. 2021) (recognizing view by

Because this is a memorandum opinion, and the parties are familiar with the facts, we do not recite them except as necessary to advise the parties of our decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

## SUFFICIENCY OF THE EVIDENCE

After holding an evidentiary hearing, the trial court made a finding that family violence had occurred and signed a protective order. *See* TEX. FAM. CODE § 85.001. Fusilier challenges the legal and factual sufficiency of the evidence to support the family violence finding.

In a protective order proceeding, we review a challenged finding for legal and factual sufficiency of the evidence by the same standards used in reviewing the sufficiency of the evidence to support a jury's verdict. *Pena v. Garza,* 61 S.W.3d 529, 532 (Tex. App.—San Antonio 2001, no pet.). For legal sufficiency, we view the evidence in the light most favorable to the finding to see if there is any evidence to support the finding. *Id*. For factual sufficiency, we consider and weigh all the evidence to see if the evidence supporting the challenged finding is so weak as to be clearly wrong and manifestly unjust. *Id*. (citing *Cain v. Bain* 709 S.W.2d 175, 176 (Tex. 1986)).

Here, Fusilier contends the evidence is insufficient because the family violence finding is solely based on evidence of his arrest. But Fusilier's characterization of evidence is not supported by the record. At the hearing, the complainant testified in detail regarding the underlying incident, including the nature of Fusilier's conduct, the fear it caused, and the history between the parties. Specifically, the complainant testified that Fusilier forced himself on her while she tried to defend herself by covering up and lying on the floor. He proceeded to throw her on the bed and continued to wrestle with her and only stopped because the police knocked on the window. The evidence

---

appellate courts that pro se pleadings should be reviewed and evaluated "with liberality and patience"); *Horton v. Stovall,* 591 S.W.3d 567, 569 (Tex. 2019) (noting "briefs are to be liberally, but reasonably, construed so that the right to appeal is not lost by waiver").

showed the children were present and the daughter texted the police. The evidence further showed a turbulent history throughout the relationship, which the complainant tolerated because of the children. However, the children were being treated poorly, and both the complainant and the children were afraid of Fusilier's behavior. The trial court, sitting as factfinder, was entitled to believe the complainant's account and to resolve any conflicts in her testimony in her favor. *See Pena,* 61 S.W.3d at 532.

Viewing the evidence under the applicable standards of review, we conclude that more than a scintilla of evidence supports the finding that family violence occurred, and that the evidence supporting the finding is not so weak as to be clearly wrong and manifestly unjust. *See id*. Accordingly, we hold the evidence is legally and factually sufficient to support the protective order.

### EFFECT OF ACQUITTAL

Fusilier further argues that his subsequent acquittal in the related criminal proceeding requires dissolution of the protective order. We disagree.

A family violence protective order is obtained through an independent statutory proceeding initiated by filing an application for a protective order with the clerk of the court. TEX. FAM. CODE § 82.001. No underlying cause of action or liability finding is required before a court may grant a protective order, but the court is required to issue a protective order if the court finds that family violence occurred. *See id.* §§ 81.001, 85.001(b); *Roper v. Jolliffe*, 493 S.W.3d 624, 634–35 (Tex. App.—Dallas 2015, pet. denied) ("The purpose of the protective order statute is not to remedy past wrongs or punish prior criminal acts; rather, it seeks to protect the applicant and prevent future violence.").

An acquittal in a criminal trial does not automatically require dissolution of a protective order based on family violence findings, as the two proceedings apply different standards of proof and serve distinct purposes. Proof beyond a reasonable doubt, which applies in criminal trials, does not apply to protective order proceedings, which are civil in nature. *Amir-Sharif v. Hawkins*, 246 S.W.3d 267, 271 (Tex. App.—Dallas 2007, pet. dism'd w.o.j.) ("An application for a protective order is a civil matter."); *see also Murphy v. State*, No. 04-25-00068-CR, 2025 WL 3294740, at *1-2 (Tex. App.—San Antonio Nov. 26, 2025, no pet.) (mem. op., not designated for publication) (stating application for protective order is a civil matter). An acquittal reflects only that the State failed to meet its heightened burden in the criminal case, and it does not preclude a civil court from determining, under a lower burden of proof, that family violence occurred. *See* TEX. FAM. CODE § 85.001; *Roper*, 493 S.W.3d at 638 (holding traditional standard of proof—by a preponderance of the evidence—applies to protective order proceedings).

Because the standards of proof differ and the proceedings serve distinct purposes, the jury's not-guilty verdict in Fusilier's criminal trial does not require dissolution of the protective order issued against him.

## CONCLUSION

We affirm the trial court's protective order.

Adrian A. Spears II, Justice